UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Kareem Abdul Salaam, | ) | Crim. No.: | 4:05-cr-01216-RBH-1 |
| --- | --- | --- | --- |
| | ) | Civ. No.: | 4:16-cv-02248-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Kareem Abdul Salaam's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 162. The Court denies the motion for the reasons herein.[1]

## Background

In March 2007, Petitioner pled guilty pursuant to a written plea agreement to (1) one count of carjacking, in violation of 18 U.S.C. § 2119; (2) two counts of Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 1951; and (3) one count of using and carrying a firearm during and in relation to, and possessing the firearm in furtherance of, a crime of violence—namely, one of the Hobbs Act robberies—and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A). *See* ECF Nos. 86, 96, 101, & 102. In May 2007, the Court sentenced Petitioner to an aggregate term of 348 months' imprisonment followed by five years' supervised release. *See* ECF Nos. 114 & 118. Judgment was entered on May 29, 2007. *See* ECF No. 118. Petitioner did

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539 (4th Cir. 2010) (discussing § 2255(b)).

1

not file a direct appeal. In 2008, Petitioner filed a pro se § 2255 motion, which this Court denied in 2009. *See* ECF Nos. 124, 139, & 140.

On June 20, 2016, Petitioner (represented by the Federal Public Defender) filed a motion in the Fourth Circuit seeking authorization to file a second or successive § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), as made retroactive by *Welch v. United States*, 136 S. Ct. 1257 (2016). *See In re Salaam*, No. 16-9356, at ECF No. 2 (4th Cir. filed June 20, 2016).[2] On June 27, 2016, the Fourth Circuit granted the motion, and Petitioner's instant § 2255 motion was docketed the same day. *See* ECF Nos. 161 & 162. The Government filed a response in opposition and a motion to dismiss or, alternatively, for summary judgment. *See* ECF Nos. 167 & 168. Petitioner filed a response in opposition to the Government's motion as well as an attachment containing supplemental authority.[3] *See* ECF Nos. 171 & 172.

**Legal Standard**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence. For a court to vacate, set aside, or correct a sentence, a petitioner must prove one of the following occurred: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is

---

[2] On June 24, 2016, Petitioner filed a motion in this Court seeking leave to file the § 2255 motion pending a ruling by the Fourth Circuit. *See* ECF No. 160. That motion is **MOOT** in light of the Fourth Circuit's subsequent order authorizing Petitioner to file a second or successive § 2255 motion.

[3] In his attachment of supplemental authority (ECF No. 172), Petitioner provided a copy of the Second Circuit's initial opinion in *United States v. Jones*, No. 15-1518-cr (2d Cir. July 21, 2016), which was later vacated in light of *Beckles v. United States*, 137 S. Ct. 886 (2017), and decided adversely to Petitioner's position. *See United States v. Jones*, 878 F.3d 10 (2d Cir. 2017) (reissued opinion); *United States v. Jones*, 838 F.3d 296 (2d Cir. 2016) (order vacating initial opinion). Moreover, as indicated below, the Second Circuit—along with other circuits—has since ruled "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." *United States v. Hill*, 890 F.3d 51, 53 (2d Cir. 2018).

otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## Discussion

Petitioner challenges his § 924(c) conviction by arguing Hobbs Act robbery is not a predicate

"crime of violence" in light of *Johnson* and *Welch*, *supra*. *See* ECF Nos. 162 & 171. The Government moves for summary judgment by arguing Petitioner's claim is untimely, is procedurally defaulted, and fails on the merits. *See* ECF Nos. 167 & 168.

"Federal law, as codified at 18 U.S.C. § 924(c)(1)(A), provides that a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime (here, Hobbs Act [robbery]) and the additional, distinct crime of utilizing a firearm in connection with a "crime of violence," with the latter punishable by at least five consecutive years of imprisonment." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). Section 924(c)(3) defines "the term 'crime of violence'" as "an offense that is a felony" and:

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)**(A)** is known as the "force clause," and § 924(c)(3)**(B)** is known as the "residual clause." *Simms*, 914 F.3d at 233. For Petitioner's § 924(c) conviction to stand, the predicate Hobbs Act robbery offense (the one charged in Count Three of the Superseding Indictment) must constitute a "crime of violence" under *either* the force clause *or* the residual clause. *See, e.g.*, *id.*

The Hobbs Act robbery statute—18 U.S.C. § 1951—prohibits the obstruction, delay, or affecting of commerce "by robbery," and it defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened

4

force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. § 1951(a), (b)(1).

This Court has previously held that Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3)(A). *See United States v. Hayes*, No. 4:18-cr-00521-RBH-1, 2018 WL 6267903, at *8 (D.S.C. Nov. 30, 2018); *United States v. Vanderhorst*, No. 4:17-cr-00865-RBH-1, 2018 WL 2462873 (D.S.C. May 31, 2018); *United States v. Wheeler*, No. 4:15-cr-00337-RBH-1, at ECF No. 115 (D.S.C. May 16, 2016). Moreover, "[t]he overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A)." *United States v. Williams*, No. 0:99-cr-00659-CMC-7, 2019 WL 1058092, at *2 (D.S.C. Mar. 6, 2019) (collecting cases). The Fourth Circuit has not addressed this issue,[4] but "all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A)." *Id.*; *see United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016); *United States v. House*, 825 F.3d 381 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016). In sum, Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3)(A), and therefore Petitioner is not entitled to § 2255 relief.

Moreover, as the Government argues, Petitioner's § 2255 motion is untimely. Section 2255

---

[4] In *Simms*, *supra*, the en banc Fourth Circuit held that the **residual** clause of § 924(c)(3)**(B)** was unconstitutionally vague based on the Supreme Court's decisions in *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). 914 F.3d at 232. As explained above, Hobbs Act robbery satisfies the still-valid **force** clause of § 924(c)(3)**(A)**, and therefore *Simms* does not affect the Court's decision.

5

motions are subject to a one-year statute of limitations, which begins running from the latest of, *inter alia*, "(1) the date on which the judgment of conviction becomes final" or, at issue here, "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f). As indicated above, *Johnson* and *Welch* are inapplicable, and therefore the statute of limitations began running the date that Petitioner's judgment of conviction became final. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal." *United States v. Walker*, 194 F.3d 1307, 1999 WL 760237, at *1 (4th Cir. 1999) (unpublished table decision) (citing *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), and *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)); *see also United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process—i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires."). At the time Petitioner's judgment was entered (May 29, 2007), he had ten days to file a notice of appeal. *See United States v. Urutyan*, 564 F.3d 679, 683 (4th Cir. 2009) (citing Fed. R.App. P. 4(b)(1)(A)).[5] Petitioner did not file a direct appeal, so his judgment of conviction became final on June 8, 2007, which was ten days after judgment was entered. Petitioner filed his instant § 2255 motion nine years later (in June 2016), and therefore it is untimely.[6] *See, e.g.*, *United States v. Baylor*, 2019 WL 1810981, at *2–3 (E.D. Va. Apr. 24, 2019) (finding a successive § 2255 motion was untimely in similar

---

[5] Rule 4(b)(1)(A) now provides for *fourteen* days.

[6] Also, Petitioner has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling. *See generally Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (discussing equitable tolling).

circumstances). The Court will deny Petitioner's § 2255 motion for the above reasons.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court finds Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court **GRANTS** Respondent's Motion to Dismiss/Motion for Summary Judgment [ECF No. 168] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 162]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[7]

**IT IS SO ORDERED.**

Florence, South Carolina  
May 28, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[7] As noted above, Petitioner's Motion for Leave to File and to Stay Consideration [ECF No. 160] is **MOOT**.